1
2
3
4
5
6
7
8
9

**IN THE UNITED STATES DISTRICT COURT**

10

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

11

12    UNITED STATES OF AMERICA,                    CASE NO. CR F 06-0390 LJO

13                      Plaintiff,                 **ORDER TO DENY RECONSIDERATION**
                                                   (Doc. 26.)
14           vs.

15    EDWIN IVAN GUZMAN-GARCIA,

16                      Defendant.
      _____/
17

18           Defendant Edwin Ivan Guzman-Garcia ("defendant") seeks reconsideration of denial of a

19    certificate of appealability regarding denial of defendant's motion for 28 U.S.C. § 2255 ("section

20    2255")relief.  This Court denied defendant's section 2255 motion as untimely.  Defendant contends that

21    he is entitled to reconsideration based on *Padilla v. Kentucky*, __ U.S. __, 130 S.Ct. 1473 (2010), and

22    an attempt to demonstrate equitable tolling.

23           A basic principle of federal practice is that courts generally refuse to reopen decided matters.

24    *Magnesystems, Inc. v. Nikken*, 933 F.Supp. 944, 948 (C.D. Cal. 1996).  Reconsideration is an

25    "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial

26    resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).  A reconsideration motion "should

27    not be granted absent highly unusual circumstances." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th

28    Cir. 1999), *cert. denied*, 490 U.S. 1059, 109 S.Ct. 1972 (1989).  A reconsideration motion "is not a

vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2nd Cir. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *United States v. Westlands Water Dist.,* 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal citations omitted). "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Westlands Water*, 134 F.Supp.2d at 1131.

Reconsideration is appropriate if the district court: (1) is presented with newly discovered evidence; (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law. *School District 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2742 (1994). There may be other highly unusual circumstances warranting reconsideration. *School District 1J*, 5 F.3d at 1263. Denial of reconsideration is reviewed for abuse of discretion. *School District 1J*, 5 F.3d at 1262.

A motion for reconsideration is restricted and serves "a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665-666 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984) (italics in original)); *see Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n. 6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129, 120 S.Ct. 2005 (2000). Reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration should not be used "to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *See Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Under this Court's Local Rule 230(j), a party seeking reconsideration must demonstrate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts or circumstances were not shown at the time of the prior motion."

1        *Padilla*, __ U.S. __, 130 S.Ct. 1473, addressed dissimilar issues to those present here. *Padilla*

2 did not newly recognize a right upon which defendant may rely to reset the running of the limitations

3 period given that *Padilla* was decided after defendant's section 2255 motion. No equitable tolling is

4 present given the absence of governmental action in violation of the Constitution or federal laws. No

5 clear error or intervening change in controlling law is present. Reconsideration is not warranted.

6        As such, this Court DENIES defendant reconsideration.

7        IT IS SO ORDERED.

8 **Dated:    April 30, 2010**                      **/s/ Lawrence J. O'Neill**
                                           UNITED STATES DISTRICT JUDGE