**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR F 06-0390 LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S AMENDED 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND RELATED MATTERS** |
| vs. | (Docs. 31, 32, 37.) |
| EDWIN IVAN GUZMAN-GARCIA, | |
| Defendant. / | |

**INTRODUCTION**

Defendant Edwin Ivan Guzman-Garcia ("defendant") is a federal prisoner and proceeds pro se seeking to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). This Court considered defendant's amended section 2255 motion on the record and denies defendant's requested relief as untimely.

**BACKGROUND**

Defendant entered into an April 13, 2007 plea agreement by which defendant entered a guilty plea to being a deported alien found in the United States in violation of 8 U.S.C. § 1326. On April 13, 2007, defendant was sentenced to 46 months imprisonment, and judgment was entered on April 19, 2007.

On March 12, 2010, defendant filed his section 2255 motion to claim absence of his knowing

and intelligent plea upon his attorney's withdrawal based on a conflict of interest. On March 25, 2010, this Court denied the motion as being untimely. Defendant appealed. On October 14, 2010, the Ninth Circuit remanded the matter back to this court to allow the defendant an opportunity to allege facts in support of equitable tolling.

## DISCUSSION

A defendant is entitled to equitable tolling of the one-year statute of limitations "if he shows: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The level of diligence required of a defendant for purposes of equitable tolling is that of reasonable diligence. *Holland* 130 S.Ct. at 2566. Furthermore, the defendant must show "that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time" despite the exercise of such reasonable diligence. *See e.g. Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). In most cases equitable tolling will not be available because the threshold to trigger equitable tolling is very high, "lest the exception swallow the rule." *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010) (quoting *United States v. Marcello,* 212 F.3d 1005, 1010 (7th Cir. 2000), *cert. denied,* 531 U.S. 878 (2000)).

The defendant alleges that the prison's repeated seizure of his completed motion and case materials rendered it impossible for him to timely file his motion. Def.'s Am. Mot. 3. While the Court recognizes that certain facts alleged by the defendant potentially resemble certain extraordinary circumstances previously recognized by the Ninth Circuit and other courts, this Court is unable to find that the defendant has been pursuing his rights with sufficient diligence to merit the equitable tolling of the statute of limitations.

While the Ninth Circuit and other courts have recognized that the deprivation of legal materials for prolonged periods can constitute an extraordinary circumstance in the manner contemplated by *Holland*, the facts alleged by defendant do not reflect the level of diligence employed by the petitioners of those cases or the confluence of other factors present there. *See e.g. Espinoza-Matthews v. California*, 432 F.3d 1021, 1027 (9th Cir. 2005); *Valverde v. Stinson*, 224 F.3d

129, 133-134 (2d Cir. 2000). In fact, defendant alleges no facts that directly state or otherwise support the inference that he attempted to retrieve his confiscated materials, sought access to alternative materials, or otherwise acted with reasonable diligence during the statutory period or for the additional two years prior to his late filing. Without such facts, there is no way to confirm that the defendant acted with reasonable diligence in pursuing his rights. Moreover, in their absence it is impossible to form any kind of causal link between the deprivation of those materials and defendant's failure to timely file that exists independently of the defendant's diligence or lack thereof. *See Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). Furthermore, any argument that may be made to that effect, that it was the confiscation of defendant's materials by special housing or special management units alone that prevented his timely filing and not his failure to exercise reasonable diligence, is strongly undermined by the fact that defendant managed to complete and file his petition while in one such special management unit. *See Robinson v. Johnson*, 313 F.3d 128, 143 (3d Cir. 2002). Thus, defendant fails to demonstrate that he acted reasonably diligently in pursuing his rights after his materials had been confiscated.

      Beyond this, it is unclear that the defendant had been diligently pursuing his rights even prior to the confiscation of his materials. *See id*. Defendant's materials were not confiscated until well into the ninth month of the statutory period. Thus, defendant had more than two-thirds of the statutory period to produce his motion without interruption. However, defendant alleges no clear facts that directly explain how the initial eight months of the statutory period were spent or why he was prevented from completing his motion during that time prior to the removal of his materials. What the defendant does allege is that he spent some part of that period waiting in vain to hear back from his attorney and that he had no access to materials in Spanish with which to research the preparation of a section 2255 motion. Def.'s Am. Mot. 3. Neither of these facts are sufficient to prove defendant's reasonable diligence in pursuing his rights. Defendant received no response from his attorney because on the day of his plea, on the record, defendant knowingly and willingly proceeded pro se. Moreover, the mere fact that defendant utilized a portion of the statutory period waiting for a reply from an attorney whose withdrawal the defendant had previously consented to seems in of itself to demonstrate a failure on the part of the defendant to exercise reasonable diligence.

Furthermore, with regard to the issue of the Spanish materials, defendant alleges no facts that indicate his difficulty in procuring Spanish materials seriously delayed his preparation of the petition nor any facts that indicate the degree to which he sought out or had any difficulty securing bilingual assistance, translation materials, or an English-Spanish translator from the prison or from other inmates.[1] *See Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006). Thus the defendant fails to demonstrate that he acted reasonably diligently in pursuing his rights even prior to the confiscations of his materials.

<u>Government Funded Production of Transcripts</u>

Related to defendant's 2255 motion is defendant's motion for government funded production of transcripts. Defendant states that such transcripts are required to develop the claims raised in his 2255 motion. Because defendant failed to demonstrate that he acted reasonably diligently in pursuing his rights either before or after the confiscation of his legal materials, defendant is not entitled to equitable tolling. Because defendant is not entitled to equitable tolling, defendant's filing of his 2255 motion remains untimely. As such, the defendant's need for government funded transcripts is rendered moot.

<u>Postponement of Filings</u>

Also related to defendant's 2255 motion is defendant's motion requesting postponement of filings. In his motion defendant makes several requests of this Court including a request to postpone all future motions, filings, and proceedings. Because defendant's motion provides no reason as to why such motions, filings, or proceedings should be delayed or why any other requests contained in the motion should be granted, such requests shall not be ordered.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES defendant's section 2255 relief, the government funded production of transcripts, and the postponement of filings or proceedings.

IT IS SO ORDERED.

**Dated:   November 15, 2010                /s/ Lawrence J. O'Neill**

---

[1] It is also worth noting that in all correspondence with this Court the defendant appears to not only be able to read and write English but appears to be proficient in its use.

4

UNITED STATES DISTRICT JUDGE